UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESE M. BACKOWSKI,

              Plaintiff,

    v.

PEOPLECONNECT, INC., et al.,

              Defendants.

CASE NO. C21-0115RAJ

ORDER

## I.   INTRODUCTION

    Before the court is Defendants PeopleConnect, Inc. and Intelius LLC's (collectively, "Defendants") motion to dismiss. (MTD (Dkt. # 10); MTD Reply (Dkt. # 18).) Plaintiff Therese M. Backowski opposes the motion. (MTD Resp. (Dkt. # 16).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court STAYS this case and STRIKES

---

[1] Defendants request oral argument (MTD at 1), but the court finds that oral argument would not be helpful to its disposition of the instant motion, *see* Local Rule W.D. Wash. LCR 7(b)(4).

1    Defendants' motion to dismiss without prejudice to refiling once the stay is lifted.

2                              **II.    BACKGROUND**

3         Defendants own and operate a website, www.intelius.com, that sells "background

4    reports" to the general public.  (Compl. (Dkt. # 1) ¶ 1.)  Upon accessing Defendants'

5    website, the prospective customer is free to enter the first and last name of a particular

6    individual using a search bar on the homepage.  (*Id.* ¶ 3.)  After entering this information,

7    Defendants provide a list of search results.  (*Id.* ¶ 4.)  Each search result corresponds to

8    an actual person that Defendants have located that matches the name entered by the

9    prospective customer.  (*Id.*)  These search results provide a "limited, free preview" of

10   Defendants' background reports.  (*Id.* ¶ 5.)  This free preview includes "the searched

11   individual's name (including middle initials), age, current city and state of residence, the

12   searched individual's relatives, and other identifying information."  (*Id.*)  Defendants use

13   the free previews to advertise their monthly subscription services whereby a customer can

14   access and retrieve an unlimited number of background reports on any individual in

15   Defendants' database per month.  (*Id.* ¶¶ 5-11.)  Defendants allegedly "compile[] and

16   generate[] the content [they] sell[] on [their] website."  (*Id.* ¶ 12.)

17        Ms. Backowski alleges that she "discovered that Intelius uses her name, age, city

18   of domicile, and the identity of her relatives in advertisements on the Intelius website to

19   advertise and/or actually sell Defendant's products and services."  (*Id.* ¶ 22.)  She

20   identified herself from the information included in the advertisement—i.e., the free

21   preview—and believes that others could reasonably do so, as well.  (*Id.* ¶¶ 23-24.)  Ms.

22   Backowski has never provided Defendants "with consent to use any attribute of her

1    identity in any advertisement or for any commercial purposes." (*Id.* ¶ 25.) She is not and

2    has never been a customer of Defendants and has "no relationship with" Defendants. (*Id.*

3    ¶ 26.) Ms. Backowski alleges that the "personal identifiable information disclosed by

4    [Defendants] has economic value," yet Defendants have not compensated her for the use

5    of her identity. (*Id.* ¶¶ 27-28.) Ms. Backowski, a resident of Ohio, seeks to represent a

6    class of similarly-situated Ohio residents who have appeared in an advertisement for one

7    of Defendants' reports. (*Id.* ¶¶ 16, 29.) She pursues a single claim under the Ohio Right

8    of Publicity Law ("ORPL"), Ohio Rev. Code § 2741.01, *et. seq.* (*Id.* ¶¶ 35-42.)

9         Defendants moved to dismiss Ms. Backowski's complaint based on the following

10   six arguments: (1) Ms. Backowski, through her counsel, agreed to arbitrate her claim; (2)

11   Ms. Backowski's claim is barred by the Communications Decency Act ("CDA"), 47

12   U.S.C. § 230; (3) Ms. Backowski has not alleged a viable claim under the ORPL; (4) Ms.

13   Backowski's claim falls within an exemption under the ORPL; (5) the First Amendment

14   protects Defendants from Ms. Backowski's claim; and (6) the Dormant Commerce

15   Clause renders Ms. Backowski's claim subject to dismissal. (MTD at 2-23.[2])

16   //

17                        **III.    ANALYSIS**

18        The same arbitration issue raised by Defendants is currently before the Ninth

19   Circuit in *Knapke v. PeopleConnect, Inc.*, No. 21-35690 (9th Cir.). This case and the

20   pending appeal in *Knapke* have nearly identical underlying facts and involve the same

21

22        [2] When citing to the parties' pleadings, the court uses the pleadings' internal pagination
     unless otherwise stated.

claim under the ORPL. *Compare* Complaint, *Knapke v. PeopleConnect, Inc.*, No. 21-0262MJP (W.D. Wash.), ECF No. 1, (*with* Compl.). The defendant in *Knapke*, who is also a defendant in this case, appealed the district court's denial of its motion to dismiss, which raised many of the same arguments that are included in Defendants' motion to dismiss. *See generally* MTD, *Knapke*, No. 21-0262MJP, ECF No. 13; 8/10/21 Order, *Knapke*, No. 21-0262MJP, ECF No. 25. Specifically, the *Knapke* defendant appealed the district court's rejection of its threshold argument that the plaintiff's claim should be dismissed because she, through her counsel, agreed to arbitrate her claim. *See* Opening Brief at 4, 8-12, *Knapke v. PeopleConnect, Inc.*, No. 21-35690 (9th Cir. Nov. 18, 2021), ECF No. 16. The issue presented in the *Knapke* appeal is the same as the one presented in Defendants' threshold argument in its motion to dismiss: "Whether an agreement to arbitrate entered into by an attorney for a client's benefit binds the client when the information made available only because of the agreement is used to investigate the client's potential claim, to draft the client's complaint, and as a basis for the client's opposition to a motion to dismiss." *Compare id.*, (*with* MTD at 2-6; MTD Reply at 1-3). Accordingly, the court *sua sponte* considers whether to stay this case until the Ninth Circuit issues its decision in *Knapke v. PeopleConnect, Inc.*

//

A district court "has broad discretion to stay proceedings" in its own court. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for

1    itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  "Courts have the power to

2    consider stays *sua sponte*."  *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash.

3    2017).  "A trial court may, with propriety, find it is efficient for its own docket and the

4    fairest course for the parties to enter a stay of an action before it, pending resolution of

5    independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal.,*

6    *Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  The issues involved in the pending proceedings

7    need not be "controlling of the action before the court" for the court to issue a stay.  *Id.* at

8    864.  Indeed, where a stay is considered pending the resolution of another action, the

9    court need not find that two cases possess identical issues; a finding that the issues are

10   substantially similar is sufficient to support a stay.  *Landis*, 299 U.S. at 254, 257.

11          In determining whether to stay a case, "the competing interests which will be

12   affected by the granting or refusal to grant a stay must be weighed."  *Lockyer v. Mirant*

13   *Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268

14   (9th Cir. 1962)).  Those interests include:  (1) "the possible damage which may result

15   from the granting of a stay," (2) "the hardship or inequity which a party may suffer in

16   being required to go forward," and (3) "the orderly course of justice measured in terms of

17   the simplifying or complicating of issues, proof, and questions of law which could be

18   expected to result from a stay."  *Id.*  Here, the court finds that these factors weigh in favor

19   of staying this case until the Ninth Circuit issues its decision in *Knapke v.*

20   *PeopleConnect, Inc.*

21

22

ORDER - 5

1          1.  Damage from a Stay

2          The only potential damage that may result from a stay is that the parties will have

3    to wait longer for resolution of this case and any motions that they have filed or intend to

4    file in the future.  However, a stay of this case pending Ninth Circuit's resolution of

5    *Knapke v. PeopleConnect, Inc.* is expected to be reasonably short.  The parties have

6    already completed their briefing in that appeal, and oral argument is scheduled for May

7    18, 2022.  *See* Opening Brief, *Knapke*, No. 21-35690, ECF No. 16; Responsive Brief,

8    *Knapke*, No. 21-35690, ECF No. 26; Reply Brief, *Knapke*, No. 21-35690, ECF No. 35;

9    3/6/22 Min. Entry, *Knapke*, No. 21-35690, ECF No. 34.  Because the length of this stay is

10   directly tied to the appellate proceedings in that case, it is reasonably brief, and not

11   indefinite.  *See Leyva*, 593 F.2d at 864 ("A stay should not be granted unless it appears

12   likely the other proceedings will be concluded within a reasonable time in relation to the

13   urgency of the claims presented to the court."); *Dependable Highway Exp., Inc. v.*

14   *Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be

15   indefinite in nature.").  Thus, the court finds only minimal possible damage that this stay

16   may cause.

17          2.  Hardship and Inequity

18          Both parties equally face hardship or inequity if the court resolves the arbitration

19   issue raised in Defendants' motion to dismiss before the Ninth Circuit issues its decision

20   in *Knapke v. PeopleConnect, Inc.  See Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D.

21   Haw. 2017) ("Indeed, hardship or inequity may result to both parties if the [c]ourt does

22   not pause to consider issues [that will be on appeal in the Ninth Circuit] because of the

1   potential for inconsistent rulings . . . .").  And in the interim both parties stand to benefit

2   from a stay, regardless of the outcome of the question.  A stay will prevent any

3   additional, unnecessary briefing and premature expenditures of time, attorney's fees, and

4   resources.

5       3.  <u>Orderly Course of Justice</u>

6          Without expressing an opinion on the merits of this case, the court finds that there

7   is a significant possibility that the Ninth Circuit's decision in *Knapke v. PeopleConnect,*

8   *Inc.* will simplify the issues and questions of law in this case.  As discussed above, the

9   underlying facts of this case and *Knapke* are nearly identical, and the issue on appeal in

10  *Knapke* is the same as the issue raised in Defendants' threshold argument in favor of

11  dismissal:  whether the plaintiff, through her counsel, agreed to arbitrate her claim.

12  *Compare* Opening Brief at 4, 8-12, *Knapke*, No. 21-35690, ECF No. 16, (*with* MTD at

13  2-6; Reply at 1-3).  Deciding the instant motion on its merits while the identical issue is

14  being appealed in the Ninth Circuit could lead to inconsistent rulings regarding the

15  enforceability of arbitration agreements, which "the appellate courts might then need to

16  disentangle."  *See Ali*, 241 F. Supp. 3d at 1153 (quoting *Hawai'i*, 233 F. Supp. 3d at 856).

17  Staying these proceedings pending the Ninth Circuit's resolution of *Knapke v.*

18  *PeopleConnect, Inc.* will permit the parties to evaluate, and the court to consider, whether

19  Ms. Backowski's claim is subject to arbitration under the most complete precedent.  *See*

20  *Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *2 (W.D. Wash. May

21  17, 2017) ("District courts often stay proceedings where resolution of an appeal in

22  another matter is likely to provide guidance to the court in deciding issues before it."

(citing *Landis*, 299 U.S. at 254)).  Thus, the court concludes that a stay will serve the interests of judicial efficiency and economy.  *See Hawai'i*, 233 F. Supp. 3d at 856 (stating that "[c]onsiderable judicial resources" "may be wasted if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed").

In sum, the court finds that the relevant factors favor staying this case until the Ninth Circuit issues a decision on the pending appeal in *Knapke v. PeopleConnect, Inc.* Furthermore, having decided that a stay is appropriate, the court concludes that it would not be a proper use of judicial resources to rule on Defendants' motion to dismiss at this time.  The court therefore STRIKES Defendants' motion to dismiss without prejudice to re-raising the issues and arguments contained therein after the court lifts the stay.

## IV.    CONCLUSION

Therefore, the court STAYS this action pending the Ninth Circuit's resolution of the appeal in *Knapke v. PeopleConnect, Inc.*, No. 21-35690 (9th Cir.), and STRIKES Defendants' motion to dismiss (Dkt. # 10) without prejudice to refiling after the court lifts the stay.  In addition, the court ORDERS the parties to file a joint status report within ten (10) days of the date on which the Ninth Circuit issues its decision (not mandate) in *Knapke v. PeopleConnect, Inc.*

Dated this 12th day of April, 2022.

The Honorable Richard A. Jones
United States District Judge